The opinion states all of the allegations.
Littleton, Judge,
delivered the opinion of the court:
This suit is for the recovery of $35,562.59, with interest at 6 per cent from November 29, 1918, alleged by plaintiffs to-represent damages to which they are entitled on certain purchase orders from the defendant, through the War Department, for 3,600 tons of hay.
Defendant demurs to the petition on the ground that the-facts alleged do not state a cause of action against the United States.
The action is brought pursuant to the act of Congress-approved March 2, 1929, entitled—
No. 507 — 70th Congress
“An Act for the Relief of T. D. Randall and Company
“Be it enacted by the Senate and the House of Representatives of the United States .of America in Congress assembled, That T. D. Randall and Company are hereby authorized to bring suit against the United States under-purchase orders numbered 1904 and 1914 to 1919, both inclusive, for furnishing hay to the Army during the late war,, to recover whatever losses or damages they may have suffered by reason of car shortage or other war conditions.
“Jurisdiction is hereby conferred upon the Court of Claims of the United States to hear, consider, and determine such action and to enter decree or judgment againsf the United States for the amount of any loss or damages as-may be found to have been suffered by the said T. D. Randall and Company under said purchase orders, if any: Provided, That such action shall be brought and commenced within four months from the date that this act becomes effective.”
*154 July 8, 1918, plaintiffs received orders numbered 1904 and 1914 to 1919, inclusive, referred to in the above act, from the defendant, through the War Department, calling for the delivery of 3,600 tons of hay No. 1 mixed of the 1917 crop, at $14 per ton “ f. o. b. cars at Michigan shipping stations, taking rate not exceeding $4.00 per ton to Cincinnati, Ohio, under tariffs in effect prior to June 25, 1918 — shipments to be made at the earliest possible date, to be completed not later than August 15, 1918.”
Purchase orders numbered 1904 and 1914 to 1917, inclusive, were each for 600 tons at $14 a ton, totaling $8,400. Orders numbered 1918 and 1919 were each for 300 tons of hay at $14 a ton, totaling $4,200. These orders, which were addressed to T. D. Randall & Company at Chicago, Illinois, were signed by John Roberts, major, Q. M. R. C., and stated: “ The following articles have been accepted under your letter [date specified] for furnishing and delivering at [place hereinafter stated]” and that the hay mentioned therein was to be shipped as follows:
Order No. 1904 to auxiliary depot remount #319, Louisville, Ky. (Sou. R. R. delivery.)
Order No. 1914 to camp quartermaster, Camp Shelby, Miss.
Order No. 1915 to camp quartermaster, Camp Sevier, S. C.
Order No. 1916 to camp quartermaster, Camp Sheridan, Yandiver Park, Ala. (Western of Alabama delivery.)
Order No. 1917 to camp quartermaster, Camp Wadsworth, S. C.
Order No. 1918 to camp quartermaster, Camp Wheeler, Ga.
Order No. 1919 to quartermaster, atixiliary remount depot '#311, Centaur, Ga. (Central of Ga. R. R.)
These orders contained a further provision, as follows:
“All hay and straw purchased shall be subject to final inspection and weights at destination except that which is inspected by duly authorized official inspector as the bales are being loaded into the car. Car-door inspection will not be accepted; all cars so inspected are subject to final inspection at destination, and the Government shall have the right to change the destination from time to time.
“It is explicitly understood that if this contract is not completed by August 15th, the completion thereafter is at the option of the United States Government.”
*155 Before submitting bid to tbe defendant for delivery of said bay plaintiffs secured option for said hay in accordance with said terms of said bid and orders at and for delivery under said orders at $12 per ton f. o. b. cars at Michigan shipping stations, as provided in said orders. Upon receipt of the orders from the defendant the plaintiffs immediately sought cars for delivery of the hay in accordance with the orders, but, because of war conditions then existing and failure of the defendant to provide cars, there became a great shortage of cars and plaintiffs were unable to obtain cars for the shipment of the hay. Finally, when plaintiffs were able to obtain cars, on account of the delay incident ^thereto, the options which they had secured were lost. In the meantime, by reason of the fact that the defendant was in the market and on account of war conditions, purchasing immense quantities of hay of the quality required by the aforesaid orders, the price of hay had greatly increased and in consequence plaintiffs purchased and delivered the hay called for by the defendant under the aforesaid orders, except 43.2 tons, at a loss, completing the delivery of the hay under said orders on November 29, 1918. The 43.2 tons was thereupon canceled by the defendant.
The foregoing are all of the facts alleged in the petition. Upon these facts plaintiffs allege that they suffered losses and damages under said purchase orders for which they are entitled to judgment for $35,562.59, with interest, made up of $21,849.86, representing the difference between the cost to plaintiffs of the hay delivered under the orders f. o. b. Michigan shipping points ” and the amount paid by the defendant to the plaintiffs for the hay delivered; '$1,200, representing the difference between the price at which plaintiffs had options on 3,600 tons of hay, as called for in the orders, and the price stated in said orders for delivery of the hay “ f. o. b. Michigan shipping point ”; $932.16, representing the loss on rejected hay at Camp Sheridan; $229.46, representing the loss on rejected hay at Camp Remount; $2,218.51, representing traveling expenses of plaintiffs to purchase the hay delivered, including time of employee, which expenses would not have been incurred Rad the plaintiffs’ options not been lost; and $3,012, repre *156 senting additional overhead expenses which would not have been incurred but for the loss of their options.
Plaintiffs contend that the only issue in this case, made so by the special act approved March 2,1929, “ is the amount of such losses or damages;” that the Government, by the act, concedes liability for whatever losses or damages there may have been by reason of car shortage or other war conditions, and all that remains for the court to do is to assess the loss.
The special act in this case authorized T. D. Randall & Company to bring suit against the United States under the purchase orders mentioned for furnishing hay to the Army during the late war, “ to recover whatever losses or damages they may have suffered by reason of car shortage or other war conditions.” The act then proceeded to confer jurisdiction upon this court “ to hear, consider, and determine such action and to enter decree or judgment against the United States for the amount of any loss or damages as may be found to have been suffered by the said T. D. Randall & Company under said purchase orders, if any.” All that this act did was to authorize T. D. Randall & Company to’ bring suit and to give this court jurisdiction thereof, and to' authorize the court to hear and determine the case upon the facts and to enter judgment against the United States for whatever loss or damages it might find had been suffered by said company under the facts and the law. The act does no more than provide a forum to which the plaintiff may resort with the right to have the cause of action adjudicated and determined. As was said by this court in Stanton & Jones, v. United States, H-215, decided October 21, 1929 [68 C. Cls. 379], “ We fail to discover in the language of the act an acknowledgment of liability; on the contrary, taken as a whole, the statute indicates an intent to transfer a contention advanced in Congress from that forum to a judicial forum, where the plaintiffs’ contractual rights may be adjudicated according to law. If Congress intended to simply ascertain the facts, the way was open under section 151 of the Judicial Code. On the contrary, both Houses of Congress, with the approval of the President, confer a jurisdic *157 tion which, sets forth the subject matter to be adjudicated as well as the origin of the claim and the causes alleged to have resulted in loss and damage.” See also United States v. Mille Lac Indians, 229 U. S. 498.
The contracts in question show that plaintiffs offered to sell to the defendant and that the defendant agreed to purchase a certain quantity of hay at a specified price .to be delivered by a day certain. These contracts contained no provision and there is no allegation in the petition that the defendant agreed to furnish cars to the plaintiffs for transportation of hay, and there was no duty or obligation resting upon the defendant to furnish cars for the transportation of hay upon which a claim for loss or damages could be predicated. There was no breach of contract by the defendant. The facts alleged are not sufficient to constitute a cause of action against the United States. The demurrer is sustained and the petition is dismissed. It is so ordered.
Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.
Whaley, Judge, did not hear this case and took no part in the decision thereof.